**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ESTATE OF MARK ALLEN DAVIS, deceased,** )<br>**by CORA DAVIS, Personal Representative,** )<br> )<br> **Plaintiff,** )<br> )<br>**v.** )<br> )<br>**STATE of OKLAHOMA,** )<br>**ex rel. Oklahoma Department of Corrections,** )<br>**et. al.,** )<br> )<br> )<br> **Defendants.** ) | **Case No. 08-CV-0036-CVE** |

**OPINION AND ORDER**

Now before the Court is defendants' Motion to Dismiss (Dkt. # 16).  Plaintiff, Cora Davis,

is the personal representative of the estate of her son, Mark Allen Davis ("Davis"), who died in the

custody of the Oklahoma Department of Corrections ("DOC").  Plaintiff seeks compensatory and

punitive damages from the following parties: (1) the State of Oklahoma, ex rel. DOC; (2) Justin

Jones, the director of the DOC in his individual and official capacities; (3) Jessie T. Sutter, Jr., the

warden of the Northeast Oklahoma Correctional Center (the "Center") in his individual and official

capacities; (4) Shirley Baker,[1] individually and in her capacity as the duty nurse at the Center; (5)

Sergeant Brenda Jenks in her individual and official capacities as correctional officer at the Center;

and (6) Lieutenant Joe Moss in his individual and official capacities as correctional officer at the

Center.  Plaintiff alleges that Davis was deprived of his civil rights in violation of 42 U.S.C. § 1983

---

[1]     Shirley Baker has never been properly served, see Dkt. # 15, and has neither filed an answer
nor moved to dismiss.  Defendants assert that the duty nurse at the Center is "Cheryl
Barker," not "Shirley Baker."  Dkt. # 15.  Plaintiff requests leave to amend the complaint to
name the correct defendant.

and the Fifth, Eighth, and Fourteenth Amendments.  All defendants, except Baker, now move to dismiss the claims against the State of Oklahoma, <u>ex rel.</u> DOC, against defendants Jones, Sutter, Jenks, and Moss in their official capacities, and against defendants Jones and Sutter in their individual capacities,[2] on the grounds that the State of Oklahoma (the "State") and all defendants acting in their official capacities are entitled to immunity pursuant to the Eleventh Amendment. Defendants further contend that the claims against Jones and Sutter in their individual capacities should be dismissed for failure to state a claim upon which relief may be granted.

In addition to opposing defendant's motion to dismiss, plaintiff has filed a motion requesting leave to amend the complaint to include claims pursuant to Title II of the Americans with Disabilities Act.  Dkt. # 21.  Defendants oppose plaintiff's motion to amend on the grounds that the amendment would be futile.  Dkt. # 24.

### I.  Motion to Dismiss

**A.  Claims Against the State and Individual Defendants In Their Official Capacities**

Davis was a prisoner at the Center.  Dkt. # 1, at 3.  Davis was considered a suicide risk, and was placed in the 24-hour medical unit for monitoring.  Dkt. # 1, at 3.  According to prison policy, prisoners in the 24-hour medical unit are supposed to be checked on every fifteen minutes.  Dkt. # 1, at 3.  Plaintiff alleges that on or about January 21, 2006, as early as 2:00 p.m., Davis lost consciousness in his cell.  Dkt. # 1, at 3.  At approximately 11:00 p.m., correctional officers Brenda Jenks and Joe Moss conducted a count; Davis was reportedly still unconscious at that time.  Dkt. # 1, at 3.  Jenks and Moss allegedly told Davis' cell mate to "keep an eye on him."  Dkt. # 1, at 3.

---

[2]     Jenks and Moss, in their individual capacities, filed an answer to plaintiff's complaint and do not move to dismiss in those capacities.  Dkt. # 15.

Allegedly, according to Davis' cell mate, at approximately 12:30 a.m., Davis had experienced a seizure and was reportedly red in the face and "convulsing" and "jerking." Dkt. # 1, at 3. Davis was not checked on again until approximately 6:00 a.m. on January 22, 2006. Dkt. #1, at 3. At approximately 6:00 a.m., the duty nurse checked on Davis. Dkt. # 1, at 3. The duty nurse did not take Davis' vital signs and allegedly commented that Davis should "sleep it off." Dkt. # 1, at 3. Plaintiff alleges that the duty nurse was intoxicated when she checked on Davis. Dkt. # 1, at 3. At some point between 6:00 a.m. and 10:17 a.m., Davis was removed from his cell and transferred to Craig General Hospital in Vinita, Oklahoma, where he was pronounced dead. Dkt. # 1, at 3-4.

Plaintiff alleges that there were several other instances of prisoners with life-threatening medical conditions who did not receive medical treatment. Dkt. # 1, at 4. Plaintiff also alleges that Jones and Sutter had knowledge of the other incidents and failed to prevent such incidents from happening again. Dkt. # 1, at 4.

Plaintiff alleges that the DOC and the individual defendants deprived Davis of his civil rights pursuant to section 1983 by violating his Fifth, Eighth, and Fourteenth Amendment rights. Section 1983 provides a cause of action against state officials for a violation of a plaintiff's constitutional rights. Becker v. Kroll, 494 F. 3d 904, 914 (10th Cir. 2007). However, pursuant to the Eleventh Amendment, states and state officials are immune from suit in federal court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Although Congress may enact laws that abrogate state sovereign immunity, the Supreme Court has specifically held that section 1983 does not. Trujillo v. Williams, 465 F. 3d 1210, 1224 (10th Cir. 2006).

To state a claim under section 1983, plaintiff must show that a "person" acted to deprive him of his constitutional rights. See 42 U.S.C. § 1983. However, "[n]either the state, nor a

governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995).  Thus, a suit against a state official is not a suit against the individual, but rather against the state.  Will, 491 U.S. at 71.  Accordingly, the State, ex rel. DOC, and Jones, Sutter, Jenks, and Moss, the state officials sued in their official capacities, are eligible for sovereign immunity.

In addition, while there are exceptions to the general rule of sovereign immunity for circumstances in which the state waives the defense of sovereign immunity or the relief sought is "prospective, injunctive or declaratory relief against state officials for an ongoing violation of federal law," Callahan v. Poppell, 471 F. 3d 1155, 1159 (10th Cir. 2006) (citations omitted), the defendants have not waived the defense of sovereign immunity, nor is plaintiff seeking declaratory or injunctive relief.  Accordingly, the claims against the State, ex rel. DOC, Jones, Sutter, Jenks, and Moss in their official capacities should be dismissed pursuant to the Eleventh Amendment.

## B.  Claims Against Defendants Jones and Sutter In Their Individual Capacities

Defendants argue that the claims against Jones and Sutter in their individual capacities should be dismissed because neither Jones nor Sutter personally participated in the alleged section 1983 violations and, accordingly, plaintiff cannot state a claim upon which relief may be granted.

In considering a motion to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The claim must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007).  The factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted).  When deciding whether to grant a motion to dismiss, a court must accept all the well-pleaded allegations as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant.  Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  Nonetheless, a court need not accept as true those allegations which are conclusory in nature.  Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).  In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face.  Twombly, 127 S. Ct. at 1974.

Generally, to state a claim pursuant to section 1983, the plaintiff must show that the defendant, in his individual capacity, was a state actor acting under the color of state law when the alleged constitutional violation occurred.  See Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007) (citations omitted).  "Individual liability under section 1983 must be based on personal involvement in the alleged constitutional violation."  Fogarty v. Gallegos, 523 F. 3d 1147, 1163 (10th Cir. 2008) (citations omitted).  There is no supervisor liability under section 1983 unless the supervisor has a connection of more than "abstract authority over individuals who actually committed a constitutional violation."  Id. (citing Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir.

5

1996)).  Nonetheless, where an " affirmative link" exists between the constitutional violation and "either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise," the supervisor may be liable.  Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993) (citations omitted).

Here, plaintiff claims that Jones and Sutter are personally liable under section 1983, but has failed to allege any facts which might lead the Court to conclude that an "affirmative link" exists between the alleged violations of Davis' constitutional rights and any supervisory role or direct participation on the part of Jones or Sutter.  Plaintiff does not allege that Sutter or Jones had any role in deciding whether or not to provide Davis with emergency care or that either one was even aware of the incident.  Similarly, plaintiff does not allege any facts to suggest that Jones or Sutter had a direct supervisory role with respect to the Center's medical and correctional staff on the night preceding Davis' death or otherwise.  Plaintiff's only allegation against Jones and Sutter is that they had knowledge of some unspecified prior incidents at the Center and failed to establish "policies and procedures to ensure that persons in the situation of the deceased were provided medical care and treatment in a timely manner."  Dkt. # 1, at 4.  However, as defendants point out, the plaintiff's own complaint also refers to procedures at the Center requiring guards to check on prisoners housed in the medical unit once every fifteen minutes (Dkt. # 1, at 3), suggesting that there were appropriate policies in place which may not have been followed by the Center staff.  In light of Twombly, a conclusory allegation or "a formulaic recitation of the elements of a cause of action" is  insufficient to state a claim upon which relief may be granted.  Twombly, 127 S. Ct. at 1965.  The allegations against Jones and Sutter in their personal capacities do not provide a sufficient basis upon which to state a claim upon which relief may be granted.  However, as the Court is required to construe the

facts in favor of the plaintiff, plaintiff has raised an inference that there may exist a set of factual allegations sufficient to state a claim.  Accordingly, plaintiff will be granted leave to amend the complaint to include specific factual allegations with respect to Jones and Sutter's personal participation to attempt to state a claim pursuant to section 1983.

## II. Motion to Amend Complaint

In addition to opposing defendant's motion to dismiss, plaintiff moves to amend the complaint to allege that defendants violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, by failing to provide Davis with adequate medical care.  Defendants oppose plaintiff's motion, arguing that amendment would be futile.  Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend the party's pleading "once as a matter of course at any time before a responsive pleading is served."  Otherwise a party may amend "only by leave of court or by written consent of the adverse party; and leave shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a).  A court may deny a motion to amend if the amended complaint would be subject to dismissal.  Bauchman for Bauchman v. West High School, 132 F. 3d 542, 562 (10th Cir. 1997); see also Brereton v. Bountiful City Corp., 434 F. 3d 1213, 1219 (10th Cir. 2006) (a court may properly dismiss a plaintiff's claim where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile).

The question for the Court is whether plaintiff, if given leave to amend, could state a claim under the ADA that would not be subject to dismissal and,  accordingly, futile.  As an initial matter, the Court notes that claims made pursuant to the ADA can abrogate sovereign immunity and permit suit against a state or an individual defendant in his official capacity.  See United States v. Georgia, 546 U.S. 151, 154 (2006).  To state a claim under the ADA, the plaintiff must allege that "(1) he is

7

a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." See 42 U.S.C. § 12132; Robertson v. Las Animas Cty. Sheriff's Dept., 500 F. 3d 1185, 1193 (10th Cir. 2007).  A public entity includes "any State or local government" and "any department, agency, ... or other instrumentality of a State," 42 U.S.C. § 12131(1), and state prisons are considered public entities for the purposes of an ADA claim.  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) (noting that "[m]odern prisons provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational 'programs,' all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be 'excluded from participation in'").  Furthermore, a disability within the meaning of the statute is a "physical or mental impairment that substantially limits one or more of the major life activities of such individual."  42 U.S.C. § 12102.  A medical diagnosis alone is insufficient to prove disability without plaintiff also proving that the impairment substantially impacts his life experience.  Robertson, 500 F. 3d at 1194 (citations omitted).

Here, plaintiff argues that Davis was denied or excluded from prison medical services by virtue of a disability, and relies heavily on United States v. Georgia to support those allegations. However, plaintiff's reliance on Georgia is misplaced.  In Georgia, the plaintiff, a paraplegic, was denied adequate accommodations for his disability, such as assistance with proper hygiene and access to prison programs and services.  Even if plaintiff can allege facts demonstrating that Davis had a disability, plaintiff cannot demonstrate that he was denied access to services; Davis was in fact placed in a medical unit to monitor him and provide him with medical services.  Dkt. #1, at 3.

Rather, what is at issue is the quality of the care Davis received, the medical decisions made by the Center staff, and whether the prison staff showed deliberate indifference to his condition.

Where a plaintiff alleges that the disabling condition is the same condition as the one requiring medical services, "it will rarely, if ever, be possible to say ... that a particular decision [to deny services] was 'discriminatory'" under the ADA.  Fitzgerald v. Corrections Corp. Of America, 403 F. 3d 1134, 1144 (10th Cir. 2005) (citations omitted).  The Tenth Circuit, noting that several circuits have expressly concluded that the ADA does not provide a remedy for alleged medical negligence, held that "purely medical decisions" do not typically fall under the ADA.  Id.  It appears that plaintiff seeks to amend the complaint to allege that Davis had a disability which required him to be placed in a medical unit, where he was then denied access to medical services.  Even if plaintiff could prove that Davis had a disability, for example, a seizure disorder, and due to that condition Davis was denied access to medical care for his seizures, plaintiff would still not be able to state a claim under the ADA.  The manner in which the prison staff handled Davis' medical treatment and what treatment was deemed necessary is the type of medical decision that does not fall within the scope of the ADA.  Accordingly, it would be futile to allow plaintiff leave to amend the complaint because she cannot state a claim under the ADA upon which relief could be granted.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Dkt. # 16) is **grant**ed in part and **denied** in part as follows: it is **granted** as to defendant State of Oklahoma, ex rel. Oklahoma Department of Corrections, and as to defendants Justin Jones, Jessie T. Sutter, Jr., Brenda Jenks, and Joe Moss in their official capacities; it is **denied** as to defendants Jones and Sutter in their individual capacities.  A separate Judgment of Dismissal of defendant State of Oklahoma, ex rel. Department

of Corrections, and defendants Justin Jones, Jessie T. Sutter, Jr., Brenda Jenks, and Joe Moss in their official capacities, will be entered.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint (Dkt. # 22) to allege facts to support a claim pursuant to the ADA is **denied**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within **fifteen (15) days** of this Opinion and Order that: (1) alleges facts sufficient to state a claim against Jones and Sutter in their individual capacities, and (2) correctly names and is served on the defendant currently referred to as Shirley Baker.

**DATED** this 3rd day of October, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT